**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1975
_____

ROMEO SEKOU KONNEH, AKA Sekou Abou Sackor,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A059-011-203)
Immigration Judge:  Tamar H. Wilson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 18, 2020

Before: JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed January 11, 2021 )
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Romeo Sekou Konneh, proceeding pro se, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration judge (IJ) denying his application for cancellation of removal and authorizing his removal from the United States. For the reasons that follow, we will deny the petition for review.

Konneh is a citizen of Liberia. He entered the United States as a lawful permanent resident in 2007. The Government charged him with removability under 8 U.S.C. § 1227(a)(2)(A)(ii), based on convictions for two or more crimes involving moral turpitude. The IJ sustained the charge, and Konneh applied for cancellation of removal under 8 U.S.C. § 1229b(a).

Following a hearing, the IJ denied the application for cancellation of removal as a matter of discretion. In doing so, the IJ weighed positive factors, including Konneh's family ties (he has four children who are United States citizens and a wife who is a lawful permanent resident), his length of time in the United States, hardship to him and his family were he removed, and his community ties, against negative factors, including his extensive and recent criminal history, his lack of remorse for the crimes (he offered explanations and excuses for all of his convictions, which the Immigration Judge found disingenuous), and various misrepresentations and false statements throughout his immigration proceedings. The BIA affirmed the IJ's decision and dismissed Konneh's appeal.

2

We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252, but the discretionary denial of a request for cancellation of removal is not reviewable.  See 8 U.S.C. § 1252(a)(2)(B)(i).  However, this Court may review questions of law or constitutional claims arising from the denial of cancellation of removal.  8 U.S.C. § 1252(a)(2)(D).

Konneh claims that the agency erred in not using its discretion to cancel his removal.  In so claiming, he challenges only the weighing of equities against him, which is not a question of law.  See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007).[1] Accordingly, we lack jurisdiction, and we will dismiss the petition for review.

---

[1] Konneh asserted in the BIA that his due-process rights were violated when his wife and family members were not permitted to testify at the hearing before the IG.  However, he has forfeited his due-process claim by failing to raise it in this Court.  See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).  We note that the BIA deemed this claim waived because Konneh failed to meaningfully address it in his brief and concluded, in any event, that it was meritless.